UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAN O'SHEA et al.,

    Plaintiffs,

vs.                                                   Case No. 8:14-cv-01051-T-27TBM

TERESA DOWDELL,

    Defendant.
_____/

## PRELIMINARY INJUNCTION

**BEFORE THE COURT** is Plaintiffs' Motion for a Preliminary Injunction and Supporting Memorandum of Law, Application for Evidentiary Hearing and Consolidation of Preliminary Hearing with Final Hearing (Dkt. 4), which Defendant opposed (Dkt. 9). A hearing was conducted during which the motion was GRANTED *in part* (Dkt. 4). Plaintiffs' applications for an evidentiary hearing and for consolidation of the preliminary hearing with a final hearing were denied. Consistent with the findings announced at the hearing, Plaintiffs' motion (Dkt. 4) is **GRANTED *in part*** and **DENIED *in part*.**

The amount in controversy, exclusive of interest and costs, exceeds $75,000 based on the Supplemental Declaration of Dan O'Shea (Dkt. 14-1). Subject-matter jurisdiction therefore exists under 28 U.S.C. § 1332. Defendant received sufficient notice under Federal Rule of Civil procedure 65. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978) ("Rule 65(a) does not require service of process. The Rule does require notice to the adverse party.").

An evidentiary hearing is not required. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301,

1

1312 (11th Cir. 1998) ("[W]here facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held."). Here, there are no credibility disputes with respect to the material facts. This dispute falls within what *McDonald's* refers to as a "the category of cases where 'there is little dispute as to raw facts but must as to the inferences to be drawn from them.'" *Id.* (quoting *Jackson v. Fair*, 846 F.2d 811, 819 (1st Cir. 1988)).

Pursuant to their Settlement and Dissolution Agreement dated April 4, 2014, the parties were required to take immediate action as was necessary to carry out the specified terms and purposes of their agreement relative to Synetgy, LLC (Dkt. 1-2). The Agreement included a cooperation clause at Paragraph 6(c), and the parties agreed that time was of the essence. Dkt. 1-2 ¶ 6(f).

Paragraph 2(b) of the Agreement provides, "Upon the execution of this Agreement, Dowdell shall coordinate the immediate shipment to the O'Sheas at a location to be designated by them and at their expense all but five (5%) of the inventory of items referenced in paragraph 2(j) below." Paragraph 2(j) referenced all of Synetgy's "title, interest, rights, and privileges, if any, in the complete Pharmaxa and Vitaloix Labs line of products, inventory, books, records . . . all interests, if any that Synetgy has in all intellectual property, copyrighted material, trade secrets . . . related giveaway product inventory, and marketing tools, if any, owned by Synetgy, in all Pharmaxa and Vitaloix Labs websites listed on the attached Exhibit 2."

Dowdell concedes that she did not fulfill her obligations under Paragraph 2(b). She did not ship the inventory, and she did not transfer or take reasonable actions to effect the transfer of those domains listed in Exhibit 2. Dkt. 9-1 ¶¶ 99, 117-120. Her continuing dominion and control over the domain names is contrary to her obligations under the Agreement. Accordingly, there is no material factual dispute that Dowdell breached the Agreement.

2

Given this conclusion, Plaintiffs' motion turns on whether the O'Sheas have overcome Dowdell's affirmative defenses and carried their heightened burden of demonstrating entitlement to preliminary injunctive relief by way of a mandatory injunction. A preliminary injunction may be granted only if the moving party shows (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). A preliminary injunction is a drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four elements. *Id.* Where affirmative defenses are presented, the movant bears the burden of overcoming them. *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

Plaintiffs' proposed injunction would force Dowdell to transfer the inventory and control of the domain names, as she agreed to do in the Agreement. Equitable relief that forces a party to act in some way, rather than prohibitive in nature used to maintain the status quo, is an "affirmative" or "mandatory" injunction. *Haddad v. Arnold*, 784 F. Supp. 2d 1284, 1295 (M.D. Fla. 2010). A mandatory injunction "should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party." *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958)).[1]

A movant seeking mandatory preliminary relief bears a heightened burden of demonstrating entitlement to preliminary injunctive relief. *Exhibitors Poster Exch.*, 441 F.2d at 561; *see Verizon*

---

[1] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Wireless Pers. Commc'n LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) ("Where a mandatory injunction is sought, courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief."). *See also Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000) (moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: (1) the injunction sought is mandatory; or (2) the injunction sought will provide the movant with substantially all the relief sought).

For the reasons stated at the hearing, Plaintiffs have satisfied their burden of showing clear entitlement to relief. As it is undisputed that Dowdell breached the Agreement, Plaintiffs have demonstrated a substantial likelihood of success on the merits. And for the reasons stated on the record at the hearing, none of Dowdell's defenses are convincing. Plaintiffs' loss of goodwill and potential loss of customers due to the captive inventory constitutes irreparable harm. *BellSouth Telecommc'ns, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005). Dowdell will not be harmed by transferring the inventory and domain names to Plaintiffs, an obligation she had under the Agreement. Accordingly, any threatened injury to Plaintiffs outweighs any potential injury to Dowdell. Finally, the injunction is not adverse to the public interest, since compliance with the settlement agreement is in the public interest.

Accordingly,

1) Plaintiffs' Motion for a Preliminary Injunction and Supporting Memorandum of Law, Application for Evidentiary Hearing and Consolidation of Preliminary Hearing with Final Hearing (Dkt. 4) is **GRANTED** *in part* and **DENIED** *in part*.

2) The motion is **GRANTED** to the extent Plaintiffs are entitled to a preliminary injunction.

3) The motion is **DENIED** to the extent Plaintiffs are not entitled to an evidentiary hearing

or consolidation with a final hearing.

3) Within **twenty-four (24) hours** of the entry of this Order, Teresa Dowdell shall provide the following information to Dan O'Shea via email to doshea46@gmail.com, with a copy to his counsel at sdupre@cfjblaw.com: (i) the number of pallets on which the Pharmalax and Vitaloix inventory is packed; (ii) whether a hand-jack will be available for use at the warehouse when the inventory is picked up, (iii) whether the warehouse has an on-side lift gate, and (iv) any and all such additional information as Dan O'Shea may request that is reasonably necessary to facilitate shipment of the inventory.

4) Within **twenty-four (24) hours** of Teresa Dowdell providing such information, Dan O'Shea shall notify Teresa Dowdell via email to champny62@aol.com, with a copy to her counsel, Robert Eckard at robert@roberteckardlaw.com, of the approximate arrival date and time(s) of the delivery or freight service(s) who will be transporting the inventory to the destination of Dan O'Shea's selection, at the expense of Plaintiffs.

5) Immediately upon the transmission of Dan O'Shea's email to Teresa Dowdell and her counsel, Teresa Dowdell shall arrange to have the warehouse at which the Pharmalax and Vitaloix inventory is being stored staffed and unlocked at least three house before the appointed pick-up time and ending no later than three hours after the appointed pick-up time (or earlier, if the inventory is picked up earlier than the end of that time period).

6) Within **three (3) days** of the date of this Order, Teresa Dowdell shall take all steps necessary with GoDaddy.com to notify it that title to the domains listed on Exhibit 2 to the April 4, 2014 Settlement and Dissolution Agreement (Dkt. 1-2 at 16) have been transferred to Dan O'Shea or Brendan O'Shea and to cause the domain provider to transfer control of those domains into GoDaddy Account # 80244150, contact email address doshea46@gmail.com.

5

7) This Order is conditioned upon Plaintiffs posting security of **$5,000.00** within **three (3) days** of the date of this Order, as required by Federal Rule of Civil Procedure 65(c).

8) This injunction shall remain in effect until further order of Court.

9) Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order binds all of the following persons who receive actual notice of it by personal service or otherwise: (a) Teresa Dowdell; (b) Teresa Dowdell's officers, agents, servants, employees, and attorneys; and (c) all other persons who are in active concert or participation with Teresa Dowdell or her officers, agents, servants, employees, and attorneys.

10) Failure to comply with this Order may result in the imposition of sanctions, including citations for contempt.

**DONE AND ORDERED** this 10th day of June, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record